UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN HATHAWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERSON COUNTY, a political subdivision of the State of Idaho; SHAYNE YOUNG, in his individual an official capacities; SCOTT HANCOCK, in his individual and official capacities; ROGER CLARK, in his individual and official capacities.<br><br>　　　　Defendants. | Case No. 4:23-cv-00254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Before the Court is Kevin Hathaway's Motion to Extend Deadlines (Dkt. 29). Mr. Hathaway asks the Court to modify the scheduling order to extend the deadline for the close of fact discovery, filing of dispositive motions, and completion of ADR. *Motion* at 1, Dkt. 29. The defendants oppose the motion. For the reasons that follow, the Court will grant the motion.

　　In brief, Mr. Hathaway's request for an extension is based upon the pending resolution of his motion to compel. *See* Dkt. 21. Mr. Hathaway filed that motion in

**MEMORANDUM DECISION AND ORDER - 1**

May 2024, briefing was completed in July, and the Court ordered in camera review of several documents in September. *See id*, Dkt. 25, Dkt. 28. In May, following an informal conference with the Court's law clerk, the parties stipulated to an extension of the deadlines. Dkt. 20. The close of fact discovery was set for October 1, 2024, the dispositive motion deadline for October 31, 2024, and the deadline for completion of ADR was set for November 29, 2024.[1] Dkt. 22. Those deadlines have either now passed or will shortly.

A court's scheduling order "may only be modified upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). To establish good cause, the party seeking modification must show the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

---

[1] Pursuant to an agreement of the parties, the Court briefly extended the deadline to file dispositive motions until November 15, 2024 in order to allow the parties adequate time to brief this issue. *See* Dkt. 31.

**MEMORANDUM DECISION AND ORDER - 2**

Mr. Hathaway explains that good cause exists to extend the deadlines because his motion to compel remains pending. In contrast, the defendants insist no good cause exists to grant the motion because the Mr. Hathaway has not diligently pursued discovery. The Court disagrees. The defendants point largely to the fact that Mr. Hathaway did not take any depositions before the close of discovery. Mr. Hathaway, however, explains that the reason for waiting to take these depositions was to minimize the time and cost of discovery. Had Mr. Hathaway taken these depositions earlier, he would need to reopen the deposition if, and in his opinion when, the Court granted the motion to compel. Thus, the decision to wait to take these depositions was not lack of diligence as the defendants claim, but an effort to comply with Rule 1. Moreover, Mr. Hathaway diligently pursued discovery, including by complying with the Court's discovery dispute's procedures and, subsequently filing a motion to compel. The need for this extension is due, in part, from the length of time required for the Court to resolve Mr. Hathaway's motion.

The defendants also suggest that rather than extend the discovery deadline, the Court should only extend the deadline for the purpose of producing the personnel files—one of the disputes to be resolved by the motion to compel. The Court will not limit discovery in this manner. Given the history of this dispute and

**MEMORANDUM DECISION AND ORDER - 3**

that the delay in resolving the motion is not attributable to Mr. Hathaway, the Court will grant his motion and extend the requested deadlines.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Extension of Time (Dkt. 29) is **GRANTED**.

2. The Scheduling Order (Dkts. 19, 22, 31) is amended as follows:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| Close of Fact Discovery | October 1, 2024 | March 14, 2025 |
| Dispositive Motions | November 15, 2024 | April 14, 2025 |
| ADR | November 29, 2024 | May 30, 2025 |

DATED: November 13, 2024

_____
B. Lynn Winmill
U.S. District Court Judge