UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN HATHAWAY,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFERSON COUNTY, a political subdivision of the state of Idaho; SHAYNE YOUNG, in his individual and official capacities; SCOTT HANCOCK, in his individual and official capacities; ROGER CLARK, in his individual and official capacities,<br><br>  Defendants. | Case No. 4:23-cv-00254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Kevin Hathaway's Motion for Partial Reconsideration (Dkt. 36). For the reasons set forth below, the Court will deny the motion.

# BACKGROUND

In May 2023, Mr. Hathaway filed a complaint against Jefferson County and the individual defendants alleging violations of the American with Disabilities Act, Idaho Human Rights Act, the Family and Medical Leave Act, and Idaho's

**MEMORANDUM DECISION AND ORDER - 1**

Protection of Public Employees Act. *Complaint*, Dkt. 1. The present motion arises from a discovery dispute that followed the defendants' designation of several communications as privileged and objection to some of Mr. Hathaway's discovery requests. Mr. Hathaway complied with the Court's discovery dispute procedures and filed a motion to compel. Dkt. 21. The Court granted in part and denied in part the motion to compel. Dkt. 35. More specifically, the Court ordered the defendants produce three of the four emails it withheld as privileged and to respond to Mr. Hathaway's discovery requests. *Id.* This motion to reconsider concerns the fourth email. The Court determined that the September 13th email sent by Rebecca Squires to an Idaho Counties Risk Management Program (or ICRMP for short) attorney was privileged and need not be disclosed. *Id.* Mr. Hathaway now seeks reconsideration of that determination and for production of the September 13th email. The defendants oppose the motion.

## LEGAL STANDARD

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

**MEMORANDUM DECISION AND ORDER - 2**

sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citations omitted).

When determining the merits of a request to reconsider an interlocutory order, this Court and others within the Ninth Circuit are often guided by standards of review substantially similar to those used under Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, Case No. 1:17-cv-00519-DCN, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59, reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AC&S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). "[A] motion for reconsideration should not be granted absent highly unusual circumstances." *Kona Enterprises, Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

**MEMORANDUM DECISION AND ORDER - 3**

# ANALYSIS

Mr. Hathaway argues that Court committed clear error by disregarding that a unity of interest between insurer and insured does not exist until the duty to defend arises and by failing to analyze whether an attorney-client relationship existed between the ICRMP attorney and Jefferson County. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court finds that no such error is present here.

Mr. Hathaway argues the Court failed to apply the correct analysis. He argues, as he did in his original motion, that the Court should have considered whether the communications are protected by the insurer-insured privilege. Mr. Hathaway argues this privilege only exists after an insurer acknowledges its duty to defend the insured. The Court already rejected this argument and determined the appropriate standard was whether the attorney-client privilege, not the insurer-insured privilege applies. Dkt. 35 at 7–8. Reviewing the record, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955. Mr. Hathaway's continued disagreement with the Court's decision does not require a different result.

**MEMORANDUM DECISION AND ORDER - 4**

Mr. Hathaway's second argument is that the Court did not analyze whether an attorney-client relationship existed between the ICRMP attorney and the County. "[T]he critical factor for purposes of the attorney-client privilege was that the communication be made '*in confidence* for the purpose of obtaining *legal advice from the lawyer*.'" *Linde Thompson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1515 (D.C. Cir. 1993) (quoting *FTC v. TRW Inc.*, 628 F.2d 207, 212 (D.C. Cir. 1980) (emphasis in original)). The Court's order makes plain that the September 13th email was a communication "made in confidence for the purpose of obtaining legal advice from the lawyer." *Id.* The issue raised by Mr. Hathaway in his original motion was a relatively novel one prompted by a seemingly unusual provision in an insurance policy. While not an easy decision, and clearly one with which Mr. Hathaway disagrees, the Court does not find that clear error exists and will deny the motion for partial reconsideration.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Partial Reconsideration (Dkt. 36) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 5**



DATED: April 1, 2025

_____
B. Lynn Winmill
U.S. District Court Judge