UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN HATHAWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERSON COUNTY, a political subdivision of the State of Idaho; SHAYNE YOUNG, in his individual and official capacities; SCOTT HANCOCK, in his individual and official capacities; ROGER CLARK, in his individual and official capacities,<br><br>　　　　Defendants. | Case No. 4:23-cv-00254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Kevin Hathaway's motion to stay summary judgment proceedings (Dkt. 43). On April 14, 2025, consistent with the Court's scheduling order, the defendants filed their motion for summary judgment. Dkt. 42. Shortly thereafter, Mr. Hathaway filed the present motion seeking to stay summary judgment proceedings pursuant to Rule 56(d), Rule 1, and the Court's inherent authority. The defendants oppose the motion and argue that resolving their

MEMORANDUM DECISION AND ORDER - 1

summary judgment motion in the normal course is appropriate. For the reasons set forth below, the Court agrees and will deny the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." As the Ninth Circuit has explained:

> A party seeking to delay summary judgment for further discovery must state what other *specific* evidence it hopes to discovery and the relevance of that evidence to its claims. In particular, the requesting party must show that: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

*Stevens v. Corelogic, Inc.* 899 F.3d 666, 678 (9th Cir. 2018) (cleaned up).

## ANALYSIS

Mr. Hathaway argues staying summary judgment proceedings is appropriate for two reasons. First, he argues the defendants have failed to produce responsive text messages. Second, and more significantly, Mr. Hathaway argues that staying summary judgment is appropriate because of anticipated amendments to the Complaint necessitate further discovery. The Court will take each argument in

**MEMORANDUM DECISION AND ORDER - 2**

turn.

### A.     Time Needed for Additional Discovery

Mr. Hathaway argues deferring summary judgment proceedings is appropriate because defendants have not yet produced some responsive text messages. Those text messages include messages to, from, and between County Commissioners after summer 2024 as well as some text message attachments from messages between Rebecca Squires and another individual. He suggests that some of these messages are being withheld while others may have been destroyed.

Regardless of these suggestions, Mr. Hathaway has not met his burden under Rule 56(d) to warrant the deferral of summary judgment proceedings. "A party seeking additional discovery under Rule 56(d) must 'explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[ ] for summary judgment." *Stevens*, 899 F.3d at 678 (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980)). Mr. Hathaway has not explained what these missing text messages would reveal or why they are essential to opposing summary judgment. He provides only a general explanation as to the relevance of text messages in employment cases: "text messages are often a key to obtaining the discriminatory and retaliatory intent behind adverse employment actions." *Reply* at 2, Dkt. 45. This explanation is insufficient to

MEMORANDUM DECISION AND ORDER - 3

warrant relief under Rule 56(d). *See e.g.*, *Stevens*, 899 F.3d at 679. Moreover, even if this general explanation was sufficient, Mr. Hathaway has not explained why these specific text messages are *essential* to opposing summary judgment. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006).[1] Accordingly, Mr. Hathaway's motion under Rule 56(d) is denied.

### B.     Anticipated Amendment

Mr. Hathaway also moves for a stay in proceedings based on Rule 1 and the Court's inherent authority to control its docket. The Supreme Court has consistently recognized district courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This authority includes, among other things, the authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991).

Mr. Hathaway invokes this authority to request a stay of summary judgment proceedings because he anticipates moving to amend his complaint based on

---

[1] *Tatum v. City and County of San Francisco*, discusses Federal Rule of Civil Procedure 56(f). 441 F.3d 1090, 1100 (9th Cir. 2006). Rule 56(d), "until December 1, 2010, was codified as Federal Rule of Civil Procedure 56(f)." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 676 n. 8 (9th Cir. 2018).

information obtained in discovery and as a result of his termination in January 2025.[2] He argues that these claims will require additional discovery and summary judgment briefing. Because the facts underlying his discrimination claim may overlap with his anticipated claims, he argues it would be more efficient to delay these summary judgment proceedings until discovery has been conducted on the anticipated claims. While proceeding in this manner would be more efficient as it would require only one summary judgment proceeding, the opposite is also true. It is less efficient to delay the present proceedings because it requires the defendants to wait an unknown period of time to resolve its motion and, potentially, the claims against it.

Indeed, there is no path forward that is clearly more efficient or consistent with Rule 1. Under these circumstances, the Court finds that staying summary judgment proceedings is not warranted. The Court can resolve the pending summary judgment motion in the normal course and address any motion to amend (and potential future summary judgment motions) as they arise. Accordingly, Mr. Hathaway's motion to stay summary judgment proceedings is denied. That said,

---

[2] He has not yet moved to amend because, until recently, was awaiting the result of his name clearing hearing so as only to seek to amend once. Now that the decision has been issued, presumably he will move to amend shortly.

**MEMORANDUM DECISION AND ORDER - 5**

the Court will grant a short extension for him to file his opposition to summary judgment given the delay caused by need to resolve this motion first. As such, Mr. Hathaway's response to the defendants' motion for summary judgment shall be filed within 21 days of the issuance of this order.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Stay Summary Judgment Proceedings (Dkt. 43) is **DENIED**.

2. Plaintiff shall file his response to Defendants' motion for summary judgment within 21 days of the issuance of this order.

DATED: April 30, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6